United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Ricardo Fornesa, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-974 |
| | § | |
| Auto Club Indeminity Company, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ricardo Fornesa, proceeding *pro se*, sued Defendants for violations of his constitutional rights under 42 U.S.C. § 1983, negligent misrepresentation, and violations of the Texas Insurance Code and Texas Deceptive Trade Practice Act. Doc. 14 at 1–2; *see also* Doc. 48 at 4. Thereafter, Defendant Auto Club Indemnity Company filed a Motion to Dismiss. Doc. 26. The case was then referred to United States Magistrate Judge Dena Hanovice Palermo. Doc. 30. Magistrate Judge Palermo issued a report recommending that Auto Club's Motion be granted and that Plaintiff's claims with respect to the other Defendants be dismissed under Rule 4(m). Doc. 48. Plaintiff objected to the report. Doc. 49.

The court reviews the objected-to portions of a Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Here, Magistrate Judge Palermo recommends dismissal of Plaintiff's claims with respect to Defendant Auto Club, Hill, and Dilday for lack of subject-matter jurisdiction. Doc. 48 at 5–7. Specifically, Magistrate Judge Palermo recommends that because this case stems from an underlying state-court judgment, Plaintiffs claims are barred under the *Rooker-Feldman* doctrine. *Id.* Magistrate Judge Palermo also concluded that Plaintiff failed to plausibly allege a Section 1983 claim. With respect to Defendants Hill, Dilday, and the remaining Defendants, Magistrate Judge Palermo further recommends dismissal under Rule 4(m) for Plaintiffs' failure to effectuate proper service. *Id.* at. 10–12.

The Court agrees with Magistrate Judge Palermo's analysis that Plaintiff cannot state a claim under Section 1983 because none of the Defendants are state actors. *See* Doc. 48 at 7–9. Neither the Complaint nor Plaintiff's objections, Doc. 49, allege facts showing otherwise. Nor do the objections even address Magistrate Judge Palermo's analysis under Rule 4(m). *See generally id.* As such, the Court agrees that dismissal with prejudice as to Defendant Auto Club is appropriate, and that dismissal without prejudice as to the remaining Defendants is appropriate under Rule 4(m).

Having reviewed Magistrate Judge Palermo's report and being satisfied that there is no error, the Court adopts the report's findings and recommendations. Defendant Auto

Club's Motion to Dismiss, Doc. 26, is GRANTED. Plaintiff's claims against Defendant Auto Club are DISMISSED WITH PREJUDICE. As to the remaining Defendants, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE under Rule 4(m).

A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 15th of October, 2026.

Nicholas J. Ganjei
United States District Judge